# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 2:18 CR 78** |
| | ) | |
| **ISAIAH CHASE** | ) | |

## O R D E R

Defendant moved to suppress evidence uncovered in a search of his vehicle by Officer K. Fertig of the Lake County Drug Task Force. (DE # 19.) This court referred the matter to Magistrate Judge John E. Martin for a report and recommendation (DE # 22), who conducted an evidentiary hearing (DE # 24), and subsequently recommended denial of the motion to suppress based primarily on his finding that Officer Fertig's version of events was credible. (DE # 31.) Magistrate Judge Martin recommended that this court find that defendant was handcuffed and arrested at the time of the search, and that, therefore, the search was conducted in accordance with established inventory procedures. (*Id.*) Defendant filed a timely objection to the report and recommendation, which is now before this court. (DE # 33.)

When a party timely objects to a magistrate judge's report and recommendation, the district court – giving deference to the magistrate judge's findings of fact and credibility determinations – must undertake de novo review of the portions to which an objection has been made. 28 U.S.C. § 636(b)(1)(C). But a de novo determination is not the same as a de novo hearing; the district court is not required to conduct another

hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

In this case, defendant's only objection is that Magistrate Judge Martin should not have credited Officer Fertig's version of events. Magistrate Judge Martin found that Officer Fertig was credible, noting that he gave "straightforward answers," and spoke "calmly and without hesitation." (DE # 31 at 3.) Magistrate Judge Martin further held that defendant, on the other hand, "has reason for prevarication, and the event in question was unusual and anxiety provoking for him, since he knew that he was not permitted to have a firearm in his possession and, if found, he would be put into custody." (*Id.* at 4.)

The court finds Magistrate Judge Martin's exercise of judgment sound, and sees no compelling reason to exercise its discretion to conduct a hearing and view the witnesses. *Jackson v. United States,* 859 F.3d 495, 498 (7th Cir. 2017). Further, the court is satisfied with the Magistrate Judge's findings and recommendations and, in its discretion, treats those findings and recommendations as its own. *Goffman*, 59 F.3d at 671.

For the foregoing reasons, the court **ADOPTS** Magistrate Judge Martin's report and recommendation (DE # 31) and **DENIES** defendant's motion to suppress (DE # 19).

**SO ORDERED.**

Date: June 27, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT